

FILED

JUN 28 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P.,<br><br>          Debtor.<br>_____<br><br>BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>          Plaintiff,<br><br>v.<br><br>SCOTT SALYER, as trustee of the Scott Salyer Revocable Trust, et al.,<br><br>          Defendants.<br>_____ | Case No. 09-29162-D-11<br><br>Adv. Pro. No. 10-2014-D<br><br>Docket Control No. MSS-2<br><br>DATE: June 22, 2011<br>Time: 9:30 a.m.<br>Dept: D |

## ORDER

The court having issued findings and analysis in the matter of Defendants' Supplemental Motion to Stay Adversary Proceedings, Docket Control No. MSS-2 (the "Motion"), which are included in the civil minutes, a copy of which is attached hereto, and good cause appearing,

IT IS HEREBY ORDERED that:

1. The Motion is granted and this adversary proceeding is stayed pending further order of this court, except as set forth below;

/ / /

2.  The stay shall not prevent actions by any party to investigate the extent of compliance or non-compliance with the preliminary injunction filed March 20, 2010 in this adversary proceeding, as the same has been modified by orders of this court filed October 13, 2010; January 20, 2011; February 16, 2011; May 1, 2011; and May 10, 2011 (collectively, the "Preliminary Injunction Orders");

3.  The stay shall not prevent actions by the plaintiff necessary to ensure the Preliminary Injunction Orders are complied with, including actions seeking to modify the Preliminary Injunction Orders or seeking additional relief from this court intended to ensure that the assets covered by the Preliminary Injunctions Orders are preserved.

Dated: June 27, 2011

Robert Bardwil
ROBERT S. BARDWIL
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Adversary Title :** | Sharp v. Salyer et al | **Case No :** | 09-29162 - D - 11 |
| | | **Adv No :** | 10-02014 - D |
| | | **Date :** | 6/22/11 |
| | | **Time :** | 10:00 |

**Matter :** [210] - Supplemental Motion/Application to Stay Adversary Proceedings [MSS-2] Filed by Defendants Blackstone Ranch Corporation, Monterey Peninsula Farms, LLC, SK Farms Services, LLC, SK Foods, LLC, SK Frozen Foods, LLC, SK PM Corp., SKF Canning, LLC, SS Farms LLC, SSC Farming, LLC, SSC Farms I, LLC, SSC Farms II, LLC, SSC Farms III, LLC, Scott Salyer, Salyer Management Company, LLC, The Scott Salyer Revocable Trust (dhes) Modified on 4/28/2011 (dhes).     OPPOSED

**Judge :** Robert S. Bardwil
**Courtroom Deputy :** Nancy Williams
**Reporter :** Diamond Reporters
**Department :** D

**APPEARANCES for :**
**Movant(s) :**
   Defendant's Attorney - James Keowen
**Respondent(s) :**
   Plaintiff's Attorney - Kevin Coleman
   Creditor's Attorney - Eric Safire, Paul Pascuzzi, Todd Dressel, Robert Asperger, James Deher, Micahel Kuzmich, Warren Felger (phone), Caroline Newman (phone)

MOTION was :

ORDER TO BE PREPARED BY :     Chambers

Final ruling:

Scott Salyer, individually and as trustee of the Scott Salyer Revocable Trust; the Scott Salyer Revocable Trust; SK PM Corporation; SK Foods, LLC; SKF Canning, LLC; Blackstone Ranch Corporation; Monterey Peninsula Farms, LLC; Salyer Management Company, LLC; SK Farms Services, LLC; SK Frozen Foods, LLC; SS Farms, LLC; SSC Farming, LLC; SS Farms I, LLC; SS Farms II, LLC; SS Farms III, LLC; SKF Aviation, LLC; and CSSS, LP, dba Central Valley Shippers (the Salyer Parties), have filed a supplemental motion to stay several adversary proceedings, including this one. (The motion is a supplemental one because the Salyer Parties filed an earlier motion for a stay that was denied. See below.) The chapter 11 trustee, Bradley D. Sharp (the trustee), opposes the motion. For the reasons set forth below, the court intends to grant the motion.

In April 2010, the Salyer Parties filed their first motion for a stay of the adversary proceedings. This court denied the motion, based in large part on what it perceived to be significant distinctions between the factual allegations in the criminal indictment against Scott Salyer and those in the adversary proceedings. On appeal by the Salyer Parties, the district court for this district reversed and, on April 14, 2011, remanded to this court to decide, in the first instance, whether discovery from or testimony of Salyer or his criminal

counsel is reasonably necessary [fn] to dispose of a particular matter before the Bankruptcy Court in the adversary proceedings. Sharp v. SSC Farms I, LLC, United States District Court, Eastern District of California, Civ. No. S-10-1492 LKK, Order filed April 14, 2011, at 5:11-15. The court defined the applicable standard as follows: A matter is reasonably necessary if [the Salyer Parties] cannot adequately defend themselves in an adversary proceeding without evidence from Salyer or his criminal counsel. Id., 5:15-18.

Thus, the court will examine the issues in this particular adversary proceeding in light of this standard. In this adversary proceeding, the trustee seeks to substantively consolidate with the debtors estate all the entities named above as Salyer Parties except Scott Salyer individually; SKF Aviation, LLC; and CSSS, LP. The trustee contends these entities operated and held themselves out to the public and their creditors as a coordinated single enterprise, with Scott Salyer as its head. The complaint sets forth a wide variety of factual allegations under headings such as shared management and administration; shared facilities, records and resources; and intercompany transfers and commingling of assets. Salyer is alleged to have controlled and/or managed all the defendant entities. It is virtually undisputed that Salyer is alleged to have been the one individual ultimately in control of the activities that are alleged to give rise to the substantive consolidation causes of action, as well as the transfers that are alleged to give rise to the preference and fraudulent transfer causes of action.

Given these allegations, it appears virtually impossible that significant proceedings could be undertaken in this adversary proceeding without evidence from Salyer and/or his criminal counsel. At a minimum, the court believes the defendants in this action are likely to require evidence from Salyer and/or his criminal counsel in order to adequately defend themselves. Salyer is the individual who is at the center of the trustees allegations in this adversary proceeding he is not alleged to have been one of a group of individuals acting together; he is alleged to have been in charge of all the entities operating as the alleged single enterprise the individual who coordinated the entire operation, who directed the other individuals, and who made all the pieces work as the alleged one. It simply strains credibility for the trustee to now suggest there is no showing that Salyer alone has any unique knowledge, necessary to the defense, which cannot be provided by other third parties who can adequately testify. Opposition to Defendants Supplemental Motion to Stay Adversary Proceedings, filed June 1, 2011 (the Opposition), at 2:3-5.

The defect in the trustees reasoning is readily apparent. The trustee lists nine other individuals he claims could testify about the allegations contained in the complaint; he summarizes the categories of information each one possesses, and concludes that he does not believe any discovery from or testimony by Salyer or his criminal counsel is necessary to proceed with the Trustees case in the Substantive Consolidation Action. Opposition, 9:3-4. However, under the standard articulated by the district court, the point is not whether the trustee could make his case, it is whether the defendants could make their case.

The trustee also misstates the burden allocated to the defendants by the district court: The District Court has placed the burden on Defendants to explain what evidence that Salyer alone possesses, without which it would be unreasonable to make them defend themselves. Opposition, 9:13-15.

[T]he Defendants arguments fall far short of identifying specifically what evidence Salyer could provide about any of the issues in the Substantive Consolidation Action, how that evidence would be reasonably necessary to Defendants defense and why that evidence could not be obtained from an alternative source.

Id., 10:5-9.

Simply stated, this court does not interpret the district courts April 14, 2011 order as requiring the defendants to make such a showing. Instead, based on the factual allegations in the adversary proceeding, the court is satisfied that Salyer is central to the disputes raised; the court need not speculate on what other sources might be available if Salyer is not, and the defendants will not be required to disprove the existence or adequacy of such other sources. (The trustees related argument that the defendants have not shown that obtaining the evidence needed for [their] defense would threaten Salyers Fifth Amendment rights (Opposition, 9:17-18) is a matter that was addressed in this courts ruling on the Salyer Parties first motion for a stay, which has been reversed by the district court; the court will not revisit the issue here.)

The real problem with the trustees opposition to the motion is that it does not apply the standard set by the district court and does not address the specific factual allegations of the complaint, but merely cites broad principles, draws broad conclusions, and charges the defendants with failing to provide sufficient particulars of the necessity of Salyers testimony. In the courts view, the factual allegations of the complaint are such that Salyers testimony (and possibly that of his criminal counsel) is likely to be central to resolution of the issues. Thus, the court concludes that evidence from Salyer and/or his criminal counsel is reasonably necessary for the defendants to adequately defend themselves in this proceeding. Accordingly, the court

will grant the motion except as limited below.

The trustee cites three recent developments as suggesting that there is a risk the preliminary injunction previously issued by this court is not adequately safeguarding the assets that are the subject of the injunction. The Salyer Parties have not adequately responded to these allegations in particular, the court does not share their belief that the trustees concerns are exaggerated, does not agree that any potential harm was remedied precisely because the Preliminary Injunction was in place (Defendants Omnibus Reply to Oppositions to Motions to Stay Adversary Proceedings, filed June 8, 2011, 10:19-20, emphasis in original), and does not view the trustees bringing these matters to the courts attention as litigation tactics. Id., 11:5-7.

The court does not perceive denial of the stay motion as an effective way to address these issues, and does not view them as tilting the balance of the Keating factors (see Keating v. Office of Thrift Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995)). For one thing, if the stay motion is not granted and the litigation proceeds with respect to Salyer, the assets remain at risk in the meantime. In short, the court simply does not see a denial of the stay motion as an effective remedy for the concerns the trustee has raised. The court will, however, modify the stay of this adversary proceeding to the extent necessary to permit the trustee to take actions to investigate the extent of compliance or non-compliance with the preliminary injunction. The court will also modify the stay to ensure the injunction is complied with, including to permit the injunction to be amended or other relief to be granted to ensure the assets are preserved.

Finally, the trustee suggests that discovery could proceed against the employees, directors, officers, witnesses or other third parties related to the Defendants who would also have knowledge and information relevant to the defense without impairing Salyers Fifth Amendment rights. Opposition, 20:17-20. The trustee quotes from an exchange at the April 11, 2011 district court hearing, and concludes that all parties are in agreement that any stay that this Court might enter should not prevent the Trustee and the Defendants from taking discovery from other third parties, who have evidence related to the Adversary Proceedings. Id., 21:4-6. There is nothing in the Salyer Parties written reply to indicate that they take issue with this conclusion.

However, at the hearing on the present motion, the Salyer Parties stated that they do oppose permitting the trustee to take third-party discovery. The court has reviewed the transcript of the April 11, 2011 hearing in the district court, together with the order issued following that hearing, on April 14, 2011. Although the issue of third-party discovery was discussed at the hearing, there is nothing in the order to suggest that if this court finds that the Salyer Parties cannot adequately defend themselves in a particular adversary proceeding without discovery from or testimony of Salyer or his criminal counsel, it may nevertheless allow discovery to proceed against third parties. In short, this court has found, above, that Salyer is sufficiently at the center of the disputes in this adversary proceeding that the defendants cannot adequately defend themselves without testimony of or discovery from Salyer and/or his criminal counsel. Thus, the language of the April 14, 2011 order suggests to this court that the adversary proceeding should be stayed, with no exception for third-party discovery. Accordingly, the motion will be granted and the adversary proceeding will be stayed, except with respect to the preliminary injunction, as discussed above. The court will issue an appropriate order.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities at the addresses shown below or on the attached list.

SEE ATTACHED LIST

DATED: 6/28/11          By: _____
                            Deputy Clerk

EDC 3-070 (Rev. 6/28/10)

| | |
|---|---|
| 1 | |
| 2 | Kevin Coleman<br>Schnader Harrison Segal & Lewis<br>One Montgomery Street, Suite 2200 |
| 3 | San Francisco, CA 94104- 5501 |
| 4 | Jaime Dreher<br>Downey Brand, LLP |
| 5 | 621 Capitol Mall, 18th Floor<br>Sacramento, CA 95814-4731 |
| 6 | |
| 7 | Marc Levinson<br>Orrick Herrington & Sutcliffe<br>400 Capitol Mall, Suite 3000 |
| 8 | Sacramento, CA 95814-4497 |
| 9 | |
| 10 | Paul Pascuzzi<br>Felderstein Fitzgerald<br>   Willoughby & Pascuzzi |
| 11 | 400 Capitol Mall, Suite 1450<br>Sacramento, CA 95814 |
| 12 | |
| 13 | Todd Dressel<br>Chapman and Cutler, LLP<br>595 Market Street, 26th Floor |
| 14 | San Francisco, CA 94105 |
| 15 | James Keowen<br>Nageley Meredith & Miller, Inc. |
| 16 | 8001 Folsom Blvd., Suite 100<br>Sacramento, CA 95826 |
| 17 | |
| 18 | Larry Lichtenegger<br>Lichtenegger Law Offices |
| 19 | 3850 Rio Road, Suite 58<br>Carmel, CA 93926 |
| 20 | |
| 21 | Malcolm Segal<br>Segal & Kirby, LLP<br>770 L Street, 1440 |
| 22 | Sacramento, CA 95814 |
| 23 | |
| 24 | Eric Safire<br>2431 Fillmore St.<br>San Francisco, CA 94115 |
| 25 | |
| 26 | Robert Asperger<br>Office of the Attorney General<br>1300 I Street |
| 27 | Sacramento, CA 95814 |
| 28 | |

| | |
|---|---|
| 1 | Michael Kuzmich<br>Boutin Gibson DiGiusto Hodell, Inc. |
| 2 | 555 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 |
| 3 | |
| 4 | Warren Felger<br>Felger & Associates |
|   | 726 W Barstow Ave., #106 |
| 5 | Fresno, CA 93704 |
| 6 | Caroline Newman |
|   | Internal Revenue Service |
| 7 | P.O. Box 683<br>Washington, DC 20044 |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |